J-A17028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KONSTANTIN EPELBAUM | |
| Appellant | No. 497 EDA 2013 |

Appeal from the Judgment of Sentence January 7, 2013
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0006399-2012

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.               **FILED DECEMBER 15, 2014**

Appellant, Konstantin Epelbaum, appeals from the judgment of sentence entered January 7, 2013, by the Honorable John J. Rufe, Court of Common Pleas of Bucks County.  We affirm.

In December 2011, Bensalem Township Police conducted a controlled buy from Epelbaum at his residence located at 21 Carmelita Drive, Southampton, Pennsylvania.  Police observed a hand-to-hand transaction take place between Epelbaum and a Confidential Informant ("C.I."). Thereafter, police met the C.I. at a pre-determined location and the C.I. handed over marijuana procured from Epelbaum.  Police conducted a second controlled buy utilizing the same C.I. later that month.

Within 24 hours of December 28, 2011, the C.I. informed Officer Michael Brady and Corporal Adam Schwartz that Epelbaum was waiting on

his source to "re-up" his marijuana supply, and that Epelbaum had between $20,000.00 and $25,000.00 in his residence with which to purchase the marijuana. The C.I. further stated that the money was the resulting proceeds from previous marijuana sales.

Based upon the information provided by the C.I., a search warrant was authorized for marijuana, drug paraphernalia, and proceeds from drug sales at Epelbaum's residence. Following a search of the residence on December 28, 2011, police recovered approximately eight pounds of marijuana, drug paraphernalia, and two firearms. Following a search of the residence, police recovered, among other things, approximately 24 plastic containers of marijuana, drug paraphernalia, a clear bag containing mushrooms, and $1,032.00 in cash.

On January 7, 2013, the trial court conducted a suppression hearing. Following the hearing, the suppression court concluded that because the application for search warrant did not specify the exact dates in December 2011, on which the controlled drug purchases were conducted, that information was stale. *See* N.T., Suppression Hearing, 1/7/13 at 23-25. However, the court found that the information from the C.I. regarding the large quantity of cash Epelbaum possessed at his residence to purchase marijuana, which was reported to police within 24 hours of when the search warrant application was submitted, was reliable and credible. *See id*. at 24-25. Therefore, the court refused to suppress any evidence of drugs or

money recovered at Epelbaum's residence, with the exception of any pre-recorded buy money present from the previous stale transactions.

Following a waiver trial, Epelbaum was convicted of possession with intent to deliver a controlled substance[1] (marijuana and psilocybin) and two counts of possession of drug paraphernalia.[2]  Thereafter, the trial court sentenced Epelbaum to 48 hours to six months' incarceration.  This timely appeal followed.

On appeal, Epelbaum raises the following issues for our review:

A. Whether the trial court erred in finding the search warrant valid for 21 Carmelita Drive, Southampton, PA 18954 because the affidavit lacked probable cause?

B. Whether the trial court erred in admitting Appellant's statement into evidence because it was the fruit of an illegal search?

Appellant's Brief at 4.

We review the denial of a motion to suppress physical evidence as follows.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a

---

[1] 35 P.S. § 780-113(a)(30).
[2] 35 P.S. § 780-113(a)(32).

whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

Further, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

*Commonwealth v. Houck*, ___ A.3d ___, ___, 2014 WL 4783552 at *10 (Pa. Super., filed Sept. 26, 2014) (internal citations and quotations omitted).

Instantly, Epelbaum argues that the four corners of the search warrant failed to establish probable cause that contraband would be discovered in his residence. *See* Appellant's Brief at 13. We disagree.

Under the federal and state constitutional prohibitions of unreasonable searches and seizures, both the United States Supreme Court and this Court have consistently held that, subject to certain exceptions, a search is constitutionally invalid unless it is conducted pursuant to a warrant issued by a neutral and detached magistrate and supported by probable cause. Probable cause exists where, based upon a totality of the circumstances set forth in the affidavit of probable cause, including the reliability and veracity of hearsay statements included therein, there is a fair probability that ... evidence of a crime will be found in a particular place. In reviewing an issuing authority's decision to issue a warrant, a suppression court must affirm unless the issuing authority had no substantial basis for its decision

*Commonwealth v. Lyons*, 79 A.3d 1053, 1063-1064 (Pa. 2013) (internal quotes and citations omitted).

Pennsylvania Rule of Criminal Procedure 203, **Requirements for Issuance**, provides in part:

(B) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing

authority in person or using advanced communication technology. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

Pa.R.Crim.P. 203(B).

A cursory examination of the search warrant belies Epelbaum's claims that it did not state that drugs or money would be present in his residence. The Affidavit of Probable Cause plainly states that the C.I. informed police within 24 hours of December 28, 2011, that Epelbaum was "waiting on his source to re-up his marijuana supply," and that Epelbaum "had between $20,000.00 and $25,000.00 in his residence … that he planned on p[ur]chasing the marijuana with." Affidavit of Probable Cause, Application for Search Warrant and Authorization, filed 12/28/11. Police applied for and executed the search warrant within 24 hours of receiving this information. Contrary to Epelbaum's assertions otherwise, the Affidavit also contains information regarding the C.I.'s credibility:

> Whereas C.I. 11-67 has no crimen falsi convictions. C.I. 11-67 has never supplied any information to your affiants that turned out to be inaccurate, untruthful or unreliable. The confidential information was not under arrest, and was not financially compensated for supplying the information.

*Id*.

Based upon the totality of the circumstances as set forth above, we find the affidavit contained sufficient facts to believe that evidence of a large scale drug operation would be discovered at Epelbaum's residence when police executed the search warrant on December 28, 2011. Therefore, we

do not find that the order denying Epelbaum's motion to suppress physical evidence was in error.

Lastly, Epelbaum argues that the lower court erred in admitting his statements made to police following his arrest. **See** Appellant's Brief at 16. Epelbaum did not raise this issue in his Rule 1925(b) statement of errors complained of on appeal, and thus, it is waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Melvin**, ___ A.3d ___, ___, 2014 WL 4100200 at *28 (Pa. Super., filed Aug. 21, 2014).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2014